### Case No. 7,366.
### Ex parte JOHNSON et al.

### Case No. 7,367.
#### Ex parte JOHNSON.
#### [1 Wash. C. C. 47.] 1
Circuit Court, D. Pennsylvania. April Term, 1803.

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

### Case No. 7,368.
#### In re JOHNSON.
#### [Betts' Scr. Bk. 62.]
Circuit Court, D. Cape Fear, North Carolina. Aug. 15, 1842.

DANIEL, Circuit Justice. In this case it is stated by the district judge that the petitioner, having been previously decreed a bankrupt, on the 25th day of April, 1842, filed a petition for a final discharge and certificate in the clerk's office of the district court of Cape Fear, and on the 2d day of May, 1842, moved, by his attorney, in open court, that a day might be named for the

hearing of the said petition before the judge of the district court, at chambers, wheresoever he might be at the said day so to be named; and his honor being willing to hear the said petition at Fayetteville, in the said district, on the 1st Monday in August, 1842, but doubting his power, under the act of congress, to hear the petition for a final discharge and to decree a certificate at chambers, or at any other place than the town of Wilmington, where the stated courts for the said district are by law to be held, did thereupon, in his discretion, adjourn to circuit court for the district of North Carolina the question whether the district judge had power to decree at chambers the discharge and certificate prayed for.

By the sixth section of the act of congress [of August 19, 1841 (5 Stat. 445)], it is declared that the district court in every district shall have jurisdiction in all matters and proceedings in bankruptcy arising under this act, and every other act which may hereafter be passed on the subject of bankruptcy; the said jurisdiction to be exercised summarily, in the nature of summary proceedings in equity; and for this purpose the said district court shall always be declared to be open. One main object of the provision just quoted was evidently dispatch; and with that view is the district court empowered to hold as many sessions for hearing cases in bankruptcy as the exigencies of the community shall require. But, in all the proceedings directed or authorized by the statute, the character and identity of the court seem to be contemplated; it is the court by whom the requisite measures are to be taken. Some aid in interpreting this section of the act of congress may be obtained from the reference it contains to summary proceedings in the courts of equity, for the accomplishment of which these courts are considered as always open; for instance, the awarding of writs of injunction and ne exeat. Judges in chancery grant these writs summarily, and when not sitting as a court, but all subsequent proceedings upon them are had as acts of the court. By parity with this practice in chancery, to which the act of congress probably refers, the district judge might regularly receive petitions, and perhaps order a summons or notice for the hearing of the question of bankruptcy; but the return of notices or process should be into the district court proper, and much more, is it thought, should the decision of every question affecting the rights of the petitioner or his creditors be before the same tribunal, and regularly constituted and described by law. With respect to the place at which the proceedings in bankruptcy are either to be commenced or prosecuted, the seventh section of the act of congress gives the rule. By this section it is declared that all petitions by any bankrupt, or by any creditor against any bankrupt, and all proceedings in the case to the close thereof, shall be in the district court within and for the district in which the person supposed to be a bankrupt shall reside or have his place of business at the time when such petition is filed, except when otherwise provided by this act.

There can be no question that any proceedings in bankruptcy, to conform to the language so plainly expressed in this section, must, from the petition down to the final decree, inclusive, take place within the district of the bankrupt's residence, or that in which was situated his place of business at the time of the filing of his petition. The state of North Carolina, however, constitutes, of itself, one district, and that is subdivided into three smaller, separate districts, distinguished by the act of congress of April 29, 1802, by certain geographical boundaries and limits, set forth in sections 8 and 9 of the act, viz. the district of Cape Fear, of Albemarle, and of Pamlico; and it has been made a question whether the seventh section of the bankrupt law, which requires the proceedings to be had in the district of the bankrupt's residence, would be complied with by the institution and prosecution at any place within the state the subject of it being a citizen and resident of that state. At first view, some ambiguity might seem to grow out of the language of the law, when compared with the arrangement of the districts within the state of North Carolina. Upon a closer consideration, however, such ambiguity is deemed rather apparent than real. The subdivision of the state was doubtless intended for the accommodation of the inhabitants of the several districts, respectively, in their ordinary business in the courts. In instances of bankruptcy, when traveling and expenses of every kind are burthensome and inconvenient, these causes may be supposed to operate with augmented influence, and in a proportionate degree to call for such a construction of the laws as would remove or mitigate the evils which had prompted to a division of the state. The seventh section of the bankrupt law should therefore receive that interpretation which will insure, to the utmost, these desirable results. Such an interpretation accords as well with the language as with the objects of this law. In conclusion, it is the opinion of the judge of the circuit court, upon the matters adjourned in this case, that the district judge has not the power, out of court, either to make a decree declaring the party a bankrupt, or awarding to him a final discharge and certificate as such, but that a decree to either effect must be the act of the court, performed in court; and it is further the opinion of the judge of the circuit court that the petition in this case, and all proceedings had thereon to the close thereof, should be had and prosecuted in the district of Cape Fear, in which it appears that the petitioner resided at the time of filing his petition.